UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff,

-v-

EDWARD DURANTE, *et al.*,

Defendants.

No. 15-cv-9874 (RJS)
<u>JUDGMENT AS TO
KENNETH WISE</u>

<u>RICHARD J. SULLIVAN</u>, District Judge:

The Securities and Exchange Commission (the "Commission") commenced this action on December 18, 2015 (Doc. No. 1), and on January 6, 2016, the Commission amended its Complaint to assert claims against Kenneth Wise ("Defendant") and others under the Securities Exchange Act of 1934 (the "Exchange Act"), the Securities Act of 1933 (the "Securities Act"), the Investment Advisers Act of 1940, and rules promulgated thereunder (Doc. No. 7).  On September 15, 2017, Defendant executed a declaration whereby he acknowledged having entered a general appearance; consented to the Court's jurisdiction over himself and the subject matter of this action; consented to entry of this Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment (the "Consent").

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-

5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 9(a)(1) of the Exchange Act, 15 U.S.C. § 78i(a)(1), directly or indirectly, by the use of the mails or any means or instrumentality of

interstate commerce, or of any facility of any national securities exchange, for the purpose of creating a false or misleading appearance of active trading in any security other than a government security, or a false or misleading appearance with respect to the market for any such security, entering orders for the purchase or sale of a security with the knowledge that an order or orders of substantially the same size, at substantially the same time, and at substantially the same price, for the sale or purchase of any such security, has been or will be entered by or for the same or different parties.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraphs also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

Upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and, if so, the amount(s) of the disgorgement and/or civil penalty.  If disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from September 1, 2012, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion:  (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) for

the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.  Nothing herein shall prevent Defendant from challenging the Commission's motion for disgorgement and/or civil penalties to the extent that the Commission seeks a disgorgement and/or civil penalty amount that, in effect, causes Defendant to be responsible to pay disgorgement and/or fines that are duplicative of those assessed against him in the parallel criminal action.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant's Consent is incorporated herein and that Defendant shall comply with all of the undertakings and agreements set forth in the Consent.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are deemed true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is deemed a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

4

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

SO ORDERED

Dated:       October 5, 2017
             New York, New York

                                    RICHARD J. SULLIVAN
                                    UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD DURANTE,<br>ABIDA KHAN,<br>LARRY WERBEL,<br>CHRISTOPHER CERVINO,<br>WALTER REISSMAN,<br>KENNETH WISE<br>and<br>EVOLUTION PARTNERS WEALTH MANAGEMENT LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 15-cv-9874 (RJS) |

## CONSENT OF KENNETH WISE

1.      Defendant Kenneth Wise ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Defendant has pled guilty to criminal conduct relating to certain matters alleged in the complaint in this action. Specifically, in *United States v. Durante*, Crim. No. 15-CR-171 (S.D.N.Y.), Defendant pled guilty to violation of, among other things, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)]. The information in the criminal case to which Wise pled guilty alleges, among other things, that: he permitted Edward Durante to use his name to shield Durante's true identify from investors, regulators and law enforcement; registered, incorporated or served as an officer for numerous corporate entities controlled by

Durante, including New Market Enterprises, Inc. and Zenith Estates, Inc., that Wise understood

were to be used to facilitate a securities fraud scheme; opened and maintained brokerage

accounts controlled by Durante that Wise understood were to be used to purchase and sell shares

of VGTel, Inc. in furtherance of the fraudulent scheme; and opened and maintained bank

accounts controlled by Durante that were used to execute transactions, including by Wise, to

facilitate the scheme and conceal the proceeds of the scheme, including diverting investor funds

and proceeds of the scheme to Wise, Durante, and their co-conspirators.  This Consent shall

remain in full force and effect regardless of the existence or outcome of any further proceedings

in *United States v. Durante*.

3.    Defendant hereby consents to the entry of the Judgment in the form attached

hereto and incorporated by reference herein, which, among other things, permanently restrains

and enjoins Defendant from violation of Section 17(a) of the Securities Act of 1933 ("Securities

Act") [15 U.S.C. § 77q(a)], and Sections 19(a)(1) and 10(b) of the Exchange Act [15 U.S.C. §§

78i(a)(1) and 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5], and prohibits Defendant from

participating in any offering of penny stock pursuant to Section 20(g) of the Securities Act [15

U.S.C. § 77t(g)] and Section 21(d)(6) of the Exchange Act [15 U.S.C. § 78u(d)(6)].

4.    Defendant agrees that, upon motion of the Commission, the Court shall determine

whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant

to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange

Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and/or civil penalty.

The Defendant further understands that, if disgorgement is ordered, Defendant shall pay

prejudgment interest thereon, calculated from September 1, 2012, based on the rate of interest

used by the Internal Revenue Service for the underpayment of federal income tax as set forth in

26 U.S.C. § 6621(a)(2). Defendant further agrees that in connection with the Commission's

motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a)

Defendant will be precluded from arguing that he did not violate the federal securities laws as

alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this

Judgment; (c) for the purposes of such motion, the allegations of the Complaint shall be accepted

as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion

on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony,

and documentary evidence, without regard to the standards for summary judgment contained in

Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's

motion for disgorgement and/or civil penalties, the parties may take discovery, including

discovery from appropriate non-parties. Nothing herein shall prevent Defendant from

challenging the Commission's motion for disgorgement and/or civil penalties to the extent that

the Commission seeks a disgorgement and/or civil penalty amount that, in effect, causes

Defendant to be responsible to pay disgorgement and/or fines that are duplicative of those

assessed against him in the parallel criminal action.

5.      Defendant waives the entry of findings of fact and conclusions of law pursuant to

Rule 52 of the Federal Rules of Civil Procedure.

6.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of

the Judgment.

7.      Defendant enters into this Consent voluntarily and represents that no threats,

offers, promises, or inducements of any kind have been made by the Commission or any

member, officer, employee, agent, or representative of the Commission to induce Defendant to

enter into this Consent.

3

8.      Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

9.      Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.     Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

11.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any

4

disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

12.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply with the terms of Section 202.5(e),  Defendant acknowledges the guilty verdict described in paragraph 2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket.  Nothing in this paragraph affects

5

Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (ii) appoints Defendant's attorney as agent to receive service of such notices and subpoenas; (iii) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (iv) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

15.     Defendant agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

16.     Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Judgment.


Dated: _September 15_, 2017              _Kenneth Wise_
                                         Kenneth Wise


       On _September 15_, 2017, Kenneth Wise, a person known to me, personally appeared
before me and acknowledged executing the foregoing Consent.


                                         _____
                                         Notary Public
                                         Commission expires:

                                         MARIAM SULAVA
                                         Notary Public - State of New York
                                         NO. 01SU6350777
                                         Qualified in Kings County
                                         My Commission Expires Nov 21, 2020

7

MARIAM SULAVA
Notary Public - State of New York
NO. 01SU6350777
Qualified in Kings County
My Commission Expires Nov 21, 20__